United States Courts
Southern District of Texas
FILED

OCT 14 2026

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br>Plaintiff, | §<br>§ | |
| | § | Civil Action No. |
| v. | §<br>§ | 26 CV 9051 |
| UNITED STATES DEPARTMENT OF LABOR, et al.,<br>Defendants. | §<br>§ | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO FILE NOTICE OF IDENTITY UNDER SEAL**

Plaintiff, proceeding pro se, respectfully moves for leave to proceed in this action under the pseudonym "John Doe," and to file under seal a Notice of Plaintiff's Identity disclosing his true name, address, telephone number, and email address to the Court. In support, Plaintiff states:

1. **The standard.** There is no hard and fast rule against pseudonymous litigation in this Circuit. The Court weighs the plaintiff's privacy interest against the customary presumption of openness. Relevant factors include whether the plaintiff is challenging governmental activity. *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981).

2. **Plaintiff challenges governmental activity.** This action seeks only declaratory, injunctive, and mandamus relief against the United States Department of Labor and OSHA concerning OSHA's handling of Plaintiff's Section 11(c) whistleblower complaint. No private party is a defendant, and no damages are sought.

3. **Defendants suffer no prejudice.** Defendants already know Plaintiff's identity. He is the complainant in OSHA Case No. 7-25-301061504, and his true name is being provided to the Court under seal. Pseudonymity affects only the public docket.

4. **Real risk of retaliation and professional harm.** Plaintiff is an industrial maintenance technician who reported workplace safety and food-safety hazards and was

terminated. He is seeking and beginning new employment in the same industry. Public, searchable association of his name with whistleblower litigation against a former employer and a federal agency poses a concrete risk of blacklisting and professional harm, for having engaged in conduct federal law protects. That chills exactly the reporting Section 11(c) exists to encourage.

5. **Protection of confidential witnesses and parallel investigations.** This action concerns, in part, OSHA's failure to answer how the identities of Plaintiff's non-management witnesses would be protected from the employer. Related complaints are pending before USDA-FSIS and USDA-OIG. Publicly identifying Plaintiff would make it easier to identify his co-workers and the cooperating witnesses this action seeks to protect.

6. **Consistent prior practice.** Plaintiff previously proceeded pseudonymously in a related petition in the District of Nebraska, *Doe v. U.S. Department of Labor*, No. 8:25-cv-00590 (D. Neb.).

7. **The public interest is preserved.** All substantive filings will remain public. Only Plaintiff's name and contact information will be withheld. Identifying information in the exhibits has been redacted.

Plaintiff therefore asks the Court to (1) grant leave to proceed under the pseudonym "John Doe"; (2) accept for filing under seal the Notice of Plaintiff's Identity submitted with this motion; and (3) direct that Plaintiff's true name and contact information be redacted from the public docket.

Dated: October 14, 2026

Respectfully submitted,

______________________________

John Doe, Plaintiff, Pro Se
(true name and contact information in Sealed Notice of Plaintiff's Identity)